UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS TORRES,<br><br>                    Plaintiff,<br><br>          -against-<br><br>WELLPATH; JOHN DOE (DOCTOR),<br><br>                    Defendants. | 23-CV-10602 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants Wellpath and Wellpath doctors and nurses denied him adequate medical attention during his detention at Orange County Jail ("OCJ"). By order dated January 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action regarding the medical attention he received at OCJ during his detention. His complaints concern the treatment of his eczema, the extraction of his wisdom teeth, the failure to share results from a CT scan of his liver, and unspecified complaints regarding his eyesight and back problems. He also brings a claim regarding offensive statements, allegedly uttered by two nurses, about Plaintiff. The following facts are drawn from the complaint.

From November 20, 2022, through November 18, 2023, Plaintiff "had a few incounters with Wellpath."[1] (ECF 1, at 5.) He alleges, "[w]hen I have an issue and need to be seen Im suppose to fill out a sick call slip, in order to be seen which can take up to a month or two in order to be seen." (*Id.*) Plaintiff notes that he as "seen the doctor a few times for different issues, but I had other issues which weren't taken seriously." (*Id.*) For example, he states, "I wrote sick call slips 6 months in a row about my eczema which turns red and itchy and bothers me if I work out, try to sleep or if Im in the sun." (*Id.*) He "explain[ed] to Doctor A that I was using a certain lotion called Cetaphil which helped with my eczema." (*Id.*) Doctor A "prescribed me the lotion," which Plaintiff received for one week, but "then they stop giving it to me with no explanation." (*Id.*) Plaintiff therefore asked for the lotion, which another doctor prescribed, but "when the nurse comes at night he or she are suppose to have the lotion on the cart for me," but after "two nights in a row . . . it stopped once again[.]" (*Id.* at 6.) When Plaintiff "asked the nurse why [he

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

could not receive the lotion] they told me they have to order more." (*Id.*) Plaintiff waited two weeks, and then he "complained to the Sgts and Lts and nothing was done." (*Id.*)

Plaintiff eventually received his OCJ medical records from a Freedom of Information Law ("FOIL") request and learned that a "nurse wrote if he needs lotion for his dry skin problem he needs to order lotion on commissary because dry skin isnt our problem." (*Id.* at 7.) Plaintiff "wrote the nurse I cannot order the lotion I need" and explained that "the lotion they sell on commissary is [not] used for eczema." (*Id.*)

Plaintiff alleges that OCJ does not have "a dermatologist to determine what I need for my skin," and queries, "how can a nurse override what a doctor order and decline the lotion without seen me and diagnose me." (*Id.*)

Plaintiff's allegations regarding his dental work concern a "Dr. P.," who Plaintiff asked to see "because my two wisdom teeth were pulled out on my right top side . . . [and] I still felt a broken part of the tooth lift inside." (*Id.*) Dr. P explained to Plaintiff "some people think that they have a piece of tooth lift over but really its just their bone." (*Id.*) After examining Plaintiff, and informing him that "theres nothing their . . . a few days later my face and gums start swelling up so I stuck my finger in my mouth felt around and pulled the rest of [the] tooth out." (*Id.*)

Plaintiff also alleges that Doctor P screamed at Plaintiff when Plaintiff inquired about the results from a CT scan of his liver and ordered Plaintiff to return on another day. Following this alleged screaming incident, Plaintiff waited on the results but "[i]ts been 3 month since I had my CT scan for my liver." (*Id.* at 8.) Finally, Plaintiff states, "I also put sick call slips because of my eye site and back problems Ive been having since I was attacked on January 24th 2023 and all Wellpath does is ignore my issues." (*Id.*)

Plaintiff's claims regarding the alleged offensive statements involved two nurses who "engaged in inappropriate conversations with another inmate who sexually asulted me and I have a [Prison Rape Elimination Act] on . . . and they laugh and joked on me calling me a rapist, saying I like little kids and when I get to prison I will be raped like all the other jews during the hamas and Isreal war (which Im jewish)." (*Id.* at 7.)

In the injury section of the complaint, Plaintiff states that his injuries include "tooth pain, eye site, headaches, back problems." (*Id.* at 6.) He seeks money damages in the amount of $2,000,000.

## DISCUSSION

### A.    Conditions-of-Confinement Claims Against John Doe Doctor and Other Wellpath Doctors and Nurses

Plaintiff asserts claims against two doctors and two nurses, naming as a defendant "John Doe Doctor." In light of Plaintiff's *pro se* status, the Court construes the complaint as asserting conditions-of-confinement claims against the individuals who provided Plaintiff with medical care that he contends was in violation of his rights. These claims arise either under the Eighth Amendment, if Plaintiff was convicted at the time the events giving rise to his claims occurred, or under the Fourteenth Amendment, if he was in pretrial detention. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To state a conditions-of-confinement claim, a plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to his health or safety, and (2) a "mental" element, which requires a showing that a correction official acted with at least deliberate indifference to the challenged conditions. *Id.* Under both the Eighth and Fourteenth Amendments, the legal standard for the objective element is the same; the legal standard for the subjective element is different.

For the objective element, the incarcerated individual "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

Where the condition complained of is a medical condition, the condition must be of such "urgency . . . that may produce death, degeneration, or extreme pain," *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019), and it must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain, *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (internal quotation marks and citation omitted).

For the subjective element, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. An individual incarcerated pursuant to a conviction must allege that a correction official "'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* at 32 (quoting *Farmer v. Brennan*, 511 U.S. 828, 837 (1994)).

The mere negligence of a correction official is not a proper basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36

(1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Furthermore, a "mere disagreement over the proper treatment" does not give rise to the level of a constitutional claim for deliberate indifference. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (holding that a "mere disagreement over the proper treatment" is not actionable under Section 1983).

      Plaintiff's allegations do not suggest that a Wellpath doctor or nurse showed deliberate indifference to a serious medical need. First, it is unclear from Plaintiff's allegations whether his eczema, wisdom tooth extraction, liver condition, or eyesight and back problems rise to the level of an objectively serious medical condition. Even if the Court were to assume that any of these conditions were objectively serious medical conditions, Plaintiff does not allege any facts suggesting that any individual defendant knew or should have known of (if Plaintiff was in pretrial detention), an excessive risk to Plaintiff's health and failed to act to mitigate that risk. For example, with respect to his allegation regarding a nurse who allegedly decided that Plaintiff no longer should receive Cetaphil for his eczema, Plaintiff does not suggest that the nurse was aware of an excessive risk to Plaintiff's health when discontinuing his Cetaphil refill. Rather, the allegation portrays a disagreement regarding the proper treatment of Plaintiff's skin condition. With respect to Plaintiff's allegation regarding his CT scan, while Plaintiff does allege that a doctor failed to share the results of the test, Plaintiff does not allege facts regarding the seriousness of his liver condition, why he required the scan, and the symptoms that led Plaintiff to receiving the scan. Finally, Plaintiff's allegation regarding his dental work suggests only a claim of negligence, not that Dr. P showed deliberate indifference when he allegedly failed to extract Plaintiff's entire tooth.

      As none of Plaintiff's allegations suggest that any individual Wellpath provider was deliberately indifferent to a serious medical need, Plaintiff fails to state a conditions-of-

confinement claim under Section 1983. The Court therefore grants Plaintiff leave to file an amended complaint to plead facts suggesting that his medical conditions are objectively serious and that an individual doctor and/or nurse failed to act to mitigate an excessive risk to Plaintiff's health. As explained in more detail below, in the **LEAVE TO AMEND** section, Plaintiff must identify each Doe Defendant with descriptive information.

**B.      Claims Against Wellpath**

The Court construes the complaint as asserting a municipal liability claim against Defendant Wellpath, the medical provider at OCJ during Plaintiff's incarceration, under 42 U.S.C. § 1983. For the purposes of this order only, the Court assumes that Wellpath acted as a state actor when providing medical services at OCJ.[2] *See, e.g.*, *Davis v. Westchester Cty.*, No. 20-CV-0517 (NSR), 2021 WL 3604762, *3 (S.D.N.Y. Aug. 12, 2021) ("Defendants aver that these claims [against Wellpath] are effectively against a municipality[.]"). The Court also assumes for the purposes of this order that these claims are brought against Wellpath "in [its] official capacity as [a] prison contractor[]."[3] *Id.* at 4.

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government

---

[2] The Court's assumption that Wellpath is a state actor, solely for the purposes of this order, is without prejudice to any defenses Wellpath may wish to assert, including that it is not a state actor. Nor does the Court determine at this juncture whether a municipal liability claim based on Wellpath's alleged actions would have to be asserted against Orange County rather than directly against Wellpath.

[3] As the district court held in *Davis*, "[t]hough Wellpath . . . [is] not [a] municipalit[y], 'conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character that it can be regarded as governmental action.'" *Davis*, 2021 WL 3604762, at *4 (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 847 (1982)).

may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

To state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). "Liability under section 1983 is imposed on the municipality when it has promulgated a custom or policy that violates federal law and, pursuant to that policy, a municipal actor has tortiously injured the plaintiff." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013).

Plaintiff does not state a claim against Wellpath because the facts alleged do not suggest that a Wellpath employee, acting pursuant to a Wellpath custom, policy, or practice, violated Plaintiff's constitutional rights. The Court therefore grants Plaintiff leave to assert a municipal liability claim against Wellpath. Should Plaintiff pursue such a claim, he must state facts suggesting that a Wellpath employee violated his constitutional rights and that the employee did so pursuant to a Wellpath custom, policy, or practice.

## C.     Claims Against Wellpath Nurses Regarding Offensive Statements

Plaintiff furthers various claims against Wellpath nurses regarding statements he experienced as offensive. Verbal abuse, threats, and intimidation standing alone, without injury or damage, do not amount to a constitutional deprivation. *See, e.g.*, *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (name-calling without "any appreciable injury" is not a constitutional violation); *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 500 (S.D.N.Y. 2014) ("[V]erbal harassment

or profanity alone, unaccompanied by any injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983[.]" (internal citation and quotation marks omitted)); *Jean-Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 325 (S.D.N.Y. 2006) ("[V]erbal intimidation does not rise to the level of a constitutional violation[.]").

Plaintiff's allegation that two nurses uttered offensive statements regarding Plaintiff's Jewish identity does not rise to the level of a constitutional violation. Because this allegation does not suggest that the nurses inflicted or caused any physical harm or injury to Plaintiff when they uttered the statements, Plaintiff does not state a claim under Section 1983. If Plaintiff reasserts this claim in his amended complaint, he must name as defendants the individual nurses (as John or Jane Doe defendants) and allege facts suggesting that their conduct caused him physical harm or injury, separate from any non-physical harm he experienced from the utterance of the statements.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state claims against Wellpath and Wellpath employees, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)   the names and titles of all relevant people;

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption.  Plaintiff may attach additional pages if there is not enough space to list all the defendants in the caption.  If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint.  Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] For example, a defendant may be identified as: "Wellpath John Doe Doctor #1 on duty November 25th, at Orange County Jail, during the 7-3 p.m. shift."

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-10602 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 28, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                              Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____